Ashburn, J.
I. By the testimony on the record developing the issue of title, the controlling question of fact for the jury to determine was the location of the southern boundary of the lot of land known as the Wooden lot. Its location was a controverted fact. When found, it constituted the divisiou line between the lands of plaintiff and defendant. The southern boundary of the Wooden lot was the northern boundary of Curtiss’ land.
The true location of this division line was the main question of fact to be determined by the jury. So treating it, the court, in effect, charged the jury as a question of law, that if they found the southern boundary of the parcel of laud in dispute was identical with the southern boundary of the Wooden lot, so commonly known as such, the plaintiff could not recover. This charge being clear, distinct, *335 and directly applicable to the facts of the case, we discover no error in it.
II. Curtiss claims, the court of common pleas erred in refusing, on his request, to charge the jury, “ That the south line of the "Wooden lot,.as intended in the'deeds from the Haskells to Curtiss, could not be south of the south line of the land described in the deed to Drake.”
As already stated, the south boundary Hue of the Wooden lot, wherever found, would be the division line between the lands of plaintiff and defendant. The above request, in effect, required the court to charge that the words, “ and north by the south line of the land heretofore called the Wooden lot,” were controlled and limited by a supposed intentiou of the Haskells implied by the words in the Curtiss deed, “ but now owned by Joseph Drake.” The ex parte intention of Curtiss’ grantors could not rightfully override an express call in his deed, and take a material fact in the case from the consideration of the jury.
. At the time the Curtiss deed was. executed, Drake did not have a scrap of title to any portion of the Wooden lot. By the deeds in evidence he deeded the land to Mrs. Richardson in 1863, and the Curtiss deed was not executed until 1873.
We think the court did not err in refusing to charge as requested, nor in charging, “ That the words ‘ now owned by Joseph Drake’ did not qualify the description in the deed so as to give the plaintiff title to any land north of the south line of what was known as the Wooden lot,”
The defendant in error claims the words in the Curtiss deed, “but now,” are “very significant; — it is the definiteness of what is now and here, contrasted with the iudefiniteness of what was once — heretofore^but is gone.” These words lose all special significance, ■when we find that, at the date of the Curtiss deed, Joseph Drake did not own any portion of the Wooden lot. The court was correct in denying to the phrase “now owned by Joseph Drake” any qualifying quality.
The judgment of the district court is reversed, and this *336 court now proceeding to render the judgment the district court should have rendered, affirms the judgment of the court of common pleas.